IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05–31–BU–DWM |
| Plaintiff, | |
| v. | OPINION and ORDER |
| JASON SAARI, | |
| Defendant. | |

On December 15, 2005, Defendant Jason Saari was charged with receipt and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2), (a)(5)(B). (Doc. 1.) On September 12, 2006, he was sentenced to 72 months of custody on each count, to run concurrently, with 15 years of supervision to follow. (Doc. 42.) He was released from federal custody on December 30, 2011, and completed his term of supervision on May 27, 2021. (Doc. 63.) Saari now seeks to terminate his obligation to register as a sex offender under federal law. (Doc. 67.) Argument was heard on Saari's motion on September 10, 2024. The government does not object. For the reasons discussed below, the motion is granted; however, Saari must continue to register as sex offender with the State of Montana until the State relieves him of that burden.

1

ANALYSIS

Relevant here are two statutory schemes: (1) the Federal Sex Offender Notification and Registration Act ("SORNA") and (2) Montana's Sexual or Violent Offender Registration Act. Saari's registration obligation is terminated as to the former, but not the latter. Saari will have to seek relief from the State of Montana to terminate his obligations under state law.

**I.   SORNA**

Upon conviction, Saari was required to register as a Tier 1 sex offender under SORNA for 15 years. 34 U.S.C. § 20915(a)(1). However, a defendant can seek to reduce the duration of the registration period by 5 years, *id.* § 20915(b)(3)(A), by maintaining a "clean record" for a period of 10 years, *id.* § 20915(b)(2)(A). The requirements for a "clean record" are:

> (A) not being convicted of any offense for which imprisonment for more than 1 year may be imposed;
> (B) not being convicted of any sex offense;
> (C) successfully completing any periods of supervised release, probation, and parole; and
> (D) successfully completing of [sic] an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General.

*Id.* § 20915(b)(1). Because Saari was released from a BOP residential reentry center on December 30, 2011, he became eligible to seek termination of his registration requirement as of December 2021 so long as he has maintained a "clean record" for the past 10 years.

2

The United States Probation Office has prepared a background report addressing whether the requirements of § 20915(b)(1) have been met. That report will be filed under seal contemporaneously with this Order. The only issue of concern based on the USPO Report is Saari's intervening criminal conduct. It does not, however, preclude him from being found to have "clean record." Although Saari was convicted of misdemeanor assault in 2021, (*see* Report ¶ 30), the maximum penalty under the statute was six months' custody, *see* Mont. Code Ann. § 45–5–201(2). As a result, this is not a disqualifying offense. Although the government raised some concern regarding minor noncompliance in Saari's prior registration activities, the record provides no basis for denying relief. Saari has also undergone a recent psychosexual evaluation, which concluded that "he is a very low risk to ever sexually reoffend as indicated by the research, his lack of pedophilic interests, and his positive behavior in the community these past 14 years." (Doc. 69-1.)

As all the requirements of § 20915(b)(1) have been met, Saari's motion is granted, reducing his federal registration requirement by five years, effectively terminating his federal registration obligation.

## II.   Montana Law

Saari does not ask the Court to terminate his state registration requirements, nor can he, as those requirements are imposed by the State of Montana based on

the existence of his federal conviction. Lifetime sex offender registration is required under Montana law for individuals convicted of qualifying sexual offenses. Mont. Code Ann. § 46–23–506(1). Relevant here, "sexual offense" means "any violation of a law of another state, a tribal government, [or] the federal government . . . that is reasonably equivalent to a violation listed in subsections (10)(a)(i) through (10)(a)(xvi) or for which the offender was required to register as a sexual offender after an adjudication or conviction." Mont. Code Ann. § 46–23–502(10)(a)(xvii). Thus, there are two paths by which Saari's federal child pornography offense requires, or required, his registration as a sex offender under state law.

Pursuant to SORNA, Saari was "required to register as a sexual offender after a[] . . . conviction." *Id.* As discussed above, however, that requirement no longer applies if the duration of his federal obligation is reduced by five years. But § 46–23–502(10)(a)(xvii) contains independent grounds under which sex offender registration is required in Montana: the commission of a qualifying offense. Here, Saari was convicted of possession and receipt of child pornography, which are reasonably equivalent to sexual abuse of children under Montana law, *see* Mont. Code Ann. § 45–5–625(e). Because § 45–5–625 is enumerated in § 46–23–502(10)(a), Saari is required to register in Montana for committing a "reasonably equivalent violation," § 46–23–503(10)(a)(xvii). That registration

4

requirement is independent from any federal obligation governed by this Court. Thus, Saari remains subject to his state registration obligations.

## Conclusion

Accordingly, IT IS ORDERED that Saari's motion (Doc. 67) is GRANTED. Saari's federal obligation to register as a sex offender is reduced by five years and is therefore effectively terminated. *See* 34 U.S.C. § 20915(b). However, Saari must petition the state court for relief from the registration requirements imposed by Montana law. Until he successfully does so, he must continue to register as a sex offender with the State of Montana.

DATED this 10th day of September, 2024.

Donald W. Molloy, District Judge
United States District Court